IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FINER SPACE (SAN JOSE), LLLP, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1723 |
| | § | |
| DIAMOND H. CONSTRUCTION, | § | |
| LLC, *et al.*, | § | |
|     Defendants. | § | |

**MEMORANDUM AND ORDER**

This contract case is before the Court on the Motion for Partial Summary Judgment [Doc. # 40] filed by Plaintiff Finer Space (San Jose) L.L.L.P. ("Finer Space") seeking summary judgment on the counterclaims asserted by Defendant Diamond H. Construction, LLC ("Diamond H"), to which Defendant filed a Response [Doc. # 41]. Also pending is Plaintiff's Motion to Exclude Defendants' Expert Witnesses ("Motion to Exclude") [Doc. # 39], to which Defendant filed a Response [Doc. # 43]. Plaintiff did not file a Reply in support of either motion, and did not request additional time to do so.

The Court has carefully reviewed the record and the applicable legal authorities. Based on this review, the Court **denies** Plaintiff's Motion for Partial Summary

Judgment, **denies** Plaintiff's Motion to Exclude as to Medley and Middleton, and **grants** the Motion to Exclude as to Venable.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Finer Space purchased an apartment complex in Florida intending to convert the apartments, after significant renovations and upgrades, into condominiums. Defendant Diamond H bid on the renovation work, and the parties entered into an American Institute of Architects ("AIA") contract (the "Contract") for Defendant to perform work as General Contractor in accordance with the terms of the Contract. There were delays in completing the work, and Plaintiff terminated Defendant as General Contractor.

Plaintiff filed this lawsuit alleging that Defendant misrepresented the status of the work and the amounts needed to purchase materials and supplies. Plaintiff asserted causes of action for breach of contract, negligence, breach of implied warranties, and fraud and fraudulent inducement. Defendant filed counterclaims against Plaintiff, alleging that Plaintiff wrongfully terminated it, failed to abide by the *force majeure* clause of the Contract, and improperly expanded the scope of the work without written notice. Defendant also alleged in its counterclaims that Plaintiff actually ran the project, thereby interfering with Defendant's ability to perform its work in a timely manner.

Plaintiff has moved for summary judgment on Defendant's counterclaims and to exclude Defendant's expert witnesses. The motions are now ripe for decision.

## II. MOTION FOR PARTIAL SUMMARY JUDGMENT

### A. Standard for Summary Judgment

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *de la O v. Housing Auth.*, 417 F.3d 495, 501 (5th Cir. 2005). If the moving party meets this initial burden, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. Rule 56(e). *Id.* The court must construe all facts and consider all evidence in the light most favorable to the nonmoving party. *Willis v. Coca Cola Enters., Inc.*, 445 F.3d 413, 416 (5th Cir. 2006).

### B. Analysis

Plaintiff seeks summary judgment on Defendant's counterclaims, asserting that "each counterclaim presupposes a modification to express material terms in the contract." *See* Motion for Partial Summary Judgment, pp. 1-2. Plaintiff argues that

Defendant has not, and cannot, present evidence of written modifications to the Contract and that Plaintiff, therefore, is entitled to summary judgment.

Defendant responds, correctly, that Plaintiff misconstrues the counterclaims. Defendant does not argue that Plaintiff modified the Contract. Instead, Defendant's counterclaims are based on its position that Plaintiff acted in a manner inconsistent with the written Contract. Defendant asserts that Plaintiff wrongfully terminated Defendant as General Contractor "pursuant to the terms of the Contract" and "failed to abide by the *force majeure* clause of the Contract." *See* Counterclaim [Doc. # 36], ¶ 43. Defendant does not assert that the Contract was changed. Instead, Defendant asserts in its counterclaims that Plaintiff, improperly and *without modification* of the Contract, expanded the scope of the work assigned to Defendant and usurped Defendant's responsibility for managing the project.

Plaintiff has argued, with thorough and well-reasoned briefing, that Defendant has not presented evidence that the terms of the Contract were properly modified. Plaintiff has not, however, established any basis for summary judgment on the counterclaims as actually asserted by Defendant. As a result, Plaintiff's Motion for Partial Summary Judgment is denied.

### III. MOTION TO EXCLUDE

Plaintiff moves to exclude testimony from Defendant's expert witnesses, Dan Medley, Oran Venable, and Wesley Middleton.[1]

#### A. General Standard for Expert Testimony

"[A] witness qualified as an expert by knowledge, skill, experience, training, or education, may testify . . . in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."  FED. R. EVID. 702.  The district court is required to make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid [reliability] and of whether that reasoning or methodology can be applied to the facts at issue [relevance]."  *Skidmore v. Precision Printing And Packaging, Inc.*, 188 F.3d 606, 617 (5th Cir. 1999) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-93 (1993)).  This so-called "gate-keeping" obligation applies to all types of expert testimony, not just "scientific" testimony.  *Id.* at 617-618 (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999)).  The district court's responsibility "is to make certain that an expert, whether

---

[1] Parties often object as much to the characterization of testimony as "expert" as to the testimony itself. In that regard, the Court's practice is not to refer to the witness as an "expert" but, instead, to note simply that the witness is entitled to express an opinion.

basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho*, 526 U.S. at 151.  The Court "must ensure the expert uses reliable methods to reach his opinions; and those opinions must be relevant to the facts of the case." *Guy v. Crown Equipment Corp.*, 394 F.3d 320, 325 (5th Cir. 2004).

**B.     Dan E. Medley**

Dan Medley is an architect with thirty-five years experience in the construction industry.  He has submitted a thorough report ("Medley Report") setting forth his opinions and the findings that support those opinions.

Plaintiff argues that Medley's testimony should be excluded because he merely interprets an unambiguous contract.  The record establishes, however, that there were three contracts governing the construction project at issue.  Medley sets forth in his expert report that joining several separate documents to form a contract is not traditional in the construction industry.  *See* Medley Report, Exh. 2 to Motion to Exclude, p. 2.  Medley also explains how certain terminology, such as "Guaranteed Maximum Price," is understood in the construction industry generally, and how responsibilities not addressed in a written contract are allocated under construction industry customary practices.  Expert testimony on these matters is relevant and would assist the trier of fact.

Plaintiff also argues that Medley failed to perform any independent analysis or investigation. The record reflects that Medley interviewed witnesses and reviewed documents. Although he had not done so at the time of his deposition, Medley has now physically inspected the project complex in Florida. Based on his investigation and thirty-five years of experience in the construction industry, Medley arrived at the conclusions expressed in his report. This is an adequate basis for the admission of Medley's opinions, which will be subject to challenge by Plaintiff on cross-examination.[2]

### C. Oran W. Venable

The Court has reviewed the "Preliminary Report" by Oran W. Venable, attached as Exhibit 4 to the Motion to Exclude, and his deposition testimony attached to the Motion to Exclude as Exhibit 5. Venable's proffered opinions are, at best, confusing. In his deposition testimony, however, he agrees that his "sole opinion about this Project is Diamond H Construction was required to install and replace plumbing fixtures." *See* Venable Depo., p. 47. Defendant argues that this testimony will help the jury decide

---

[2] As the Supreme Court in *Daubert* made clear, the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system: "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Primrose Operating Co. v. National American Insurance Co.*, 382 F.3d 546, 562 (5th Cir. 2004) (quoting *Daubert*, 509 U.S. at 596).

"what plumbing issues could have and were reasonably contemplated by the parties prior to the signing of the various contracts." *See* Response to Motion to Exclude, pp. 8-9. Whether the Contract requires Defendant to "install and replace plumbing fixtures" must be determined based on the written terms of the Contract itself. While the Contract's allocation of responsibility for the plumbing fixtures to Defendant may indicate that the parties contemplated the issue before signing the Contract, Defendant does not explain how the parties' prior contemplation of various issues before signing the Contract – which contains a clear and unambiguous merger clause – is relevant to any issue in the case. The Court concludes that Venable's testimony is not relevant and, therefore, grants the Motion to Exclude his testimony.

### D. Wesley Middleton

Wesley Middleton is a Certified Public Accountant with fifteen years experience providing accounting services to clients in the construction industry. Plaintiff seeks to exclude his testimony, asserting that he is "nothing more than a human calculator . . ." *See* Motion to Exclude, p. 20.[3] The record establishes, however, that Middleton reviewed voluminous financial records, including invoices and expense reports, relating

---

[3] To the extent that Middleton's testimony is merely a summary of the voluminous financial records, such summary testimony is likely admissible under Rule 1006 of the Federal Rules of Evidence if the underlying documents are available to Plaintiff and to the trier of fact. *See Powell v. Penhollow*, 2007 WL 4513119 (5th Cir. Dec. 21, 2007); *U.S. v. Nguyen*, 504 F.3d 561, 572 (5th Cir. 2007).

to the project at issue in this case. He then determined *inter alia* the expenditures supported by invoices and those not supported by invoices. This testimony could clearly assist the jury to "understand the evidence or to determine a fact in issue." *See, e.g.,* FED. R. EVID. 702; *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 564-65 (11th Cir. 1998); *Aminoil USA, Inc. v. OKC Corp.*, 629 F. Supp. 647, 654 (E.D. La. 1986). Plaintiff's request to exclude Middleton's testimony is denied.

## IV.   CONCLUSION AND ORDER

Plaintiff misconstrues Defendant's counterclaims and is not entitled to summary judgment on the counterclaims as asserted. Medley may testify regarding customary practices in the construction industry, and Middleton, while primarily a summary witness, is qualified to testify to the matters asserted in his expert report. Based on Venable's deposition testimony that his only opinion in this case is that Defendant was required to install and replace plumbing fixtures, a matter discernable from the Contract itself, the Court excludes Venable's expert opinion as irrelevant. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment [Doc. # 40] on Defendant's counterclaims is **DENIED**. It is further

**ORDERED** that Plaintiff's Motion to Exclude [Doc. # 39] is **DENIED** as to Medley and Middleton, and is **GRANTED** as to Venable.

SIGNED at Houston, Texas this **22nd** day of **January, 2008.**

Nancy F. Atlas
United States District Judge